## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF CONNECTICUT

-------------------------------------------------------------------X
In re:                                                :
                                                      :    Chapter 11
HO WAN KWOK, *et al*.,                                 :    Case No. 22-50073 (JAM)
                                                      :
                                   Debtors.            :
-------------------------------------------------------------------X
LUC A. DESPINS, CHAPTER 11 TRUSTEE,                   :
                                                      :
                                   Plaintiff,         :
                                                      :    Adv. Proceeding
v.                                                    :    No. 23-05005 (JAM)
                                                      :
GREENWICH LAND, LLC and HING CHI NGOK,                :
                                                      :
                                   Defendants.        :
-------------------------------------------------------------------X
LUC A. DESPINS, CHAPTER 11 TRUSTEE,                   :
                                                      :
                                   Movants,           :
                                                      :
v.                                                    :    3:23-mc-00062 (OAW)
                                                      :
GREENWICH LAND, LLC and HING CHI NGOK,                :
                                                      :
                                   Respondent.        :
-------------------------------------------------------------------X

---

## REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF
## GREENWICH LAND, LLC'S AND HING CHI NGOK'S
## MOTION FOR WITHDRAWAL OF THE REFERENCE

---

Meister Seelig & Fein PLLC
Christopher J. Major, Esq.
Austin D. Kim, Esq.
Michael B. Sloan, Esq.
125 Park Avenue, 7th Floor
New York, New York 10017
(212) 655-3500
*Attorneys for Defendants*
*Greenwich Land, LLC and Hing Chi Ngok*

**ORAL ARGUMENT REQUESTED**

**TABLE OF CONTENTS**

TABLE OF AUTHORITIES .................................................................................................. ii

PRELIMINARY STATEMENT ........................................................................................... 1

ARGUMENT ....................................................................................................................... 2

I.  Constitutional Law Bars the Bankruptcy Court from Entering Final Judgment ............... 2

    A.  The Trustee Disregards Binding Precedent, and Relies on a Dissent ...................... 2

    B.  The Roberts Dissent Does Not Even Support the Trustee's Positions ................... 5

II.  The Bankruptcy Court Lacks Statutory Authority to Enter Final Judgment ..................... 8

III.  The Other *Orion* Factors Support Withdrawing the Reference ........................................ 9

    Efficiency will be served by granting the Motion .................................................... 9

    The Trustee does not contest Defendants' jury demand .......................................... 9

    Withdrawal will not impact bankruptcy administration ........................................ 10

    Defendants are not forum shopping ...................................................................... 10

CONCLUSION .................................................................................................................. 10

# TABLE OF AUTHORITIES

**Cases**

*Cent. Vermont Pub. Serv. Corp. v. Herbert*, 341 F.3d 186 (2d Cir. 2003) ................................... 8

*Emerick v. Connecticut*, No. 3:18-CV-01766 (SRU), 2021 WL 965680
   (D. Conn. Mar. 15, 2021) ................................................................................. 3

*Harrison v. Chamberlin*, 271 U.S. 191 (1926) ............................................................ 6

*In re Gen. Media, Inc.*, 335 B.R. 66 (Bankr. S.D.N.Y. 2005) ........................................ 9

*In re J. Baranello & Sons, Inc.*, 149 B.R. 19 (Bankr. E.D.N.Y. 1992) ......................... 9

*In re Kwok*, No. 22-50073 (JAM), 2023 WL 2962662 (Bankr. D. Conn. Apr. 14, 2023) ............ 7

*In re Madison Bentley Assocs., LLC*, 474 B.R. 430 (S.D.N.Y. 2012) .......................... 8-9

*In re Orion Pictures Corp.*, 4 F.3d 1095 (2d Cir. 1993) ...................................... 1, 9, 10

*In re Prosser*, No. 06-30009, 2013 WL 99revise6367 (D.V.I. Mar. 14, 2013) ........................... 9

*Lake Minnewaska Mountain Houses, Inc.*, 42 B.R. 366 (S.D.N.Y. 1984) ................................... 6

*McCord v. GEICO*, No. 22-MC-3611 (MKB), 2023 WL 4209542
   (E.D.N.Y. June 27, 2023) ................................................................. 2, 10

*Michaelesco v. Shefts,* 303 B.R. 249 (D. Conn. 2004) ............................................. 9-10

*OneWest Bank, N.A. v. Simon*, No. 14 CV 6622 (RJD), 2021 WL 2400993
   (E.D.N.Y. June 11, 2021) ................................................................... 4

*Reed v. Nathan*, 558 B.R. 800 (E.D. Mich. 2016) .................................................. 4, 9

*Stern v. Marshall*, 564 U.S. 462 (2011) .................................................... passim

*U.S. v. Brooks*, No. 06CR550 (S-1) (JS), 2009 WL 3644122
   (E.D.N.Y. Oct. 27, 2009) ................................................................. 3-4

*U.S. v. Cincotta*, 146 F.Supp. 61 (N.D.N.Y. 1956) ................................................. 4

*U.S. v. Coppola*, 296 F.Supp. 903 (D. Conn. 1969) ............................................... 3

*Wellness Int'l Network, Ltd. v. Sharif,* 575 U.S. 665 (2015) .................................. passim

**Other Authorities**

11 U.S.C. § 542 .................................................................................... 9

28 U.S.C. § 157 .................................................................................... 8

## PRELIMINARY STATEMENT

The Trustee fails to establish any basis why the reference to this Adversary Proceeding – set for trial in three months, on November 15, 2023 – should not be withdrawn now.

Under binding Supreme Court precedent (*Stern*), the Bankruptcy Court lacks constitutional authority to finally adjudicate this action. The Trustee's brazen attempt to sidestep *Stern* by relying on a *dissent* to a subsequent Supreme Court decision – which he refers to at least ten times, and thoroughly misrepresents – is telling as to the lack of support for the positions taken throughout the objection ("Obj."). By purposefully avoiding the applicable constitutional analysis, the Trustee concedes this case is not one of the three matters a bankruptcy court can finally adjudicate.

The Trustee ducks other critical issues that are fatal to his forum preference. Instead of explaining why the Complaint invokes Delaware law as the source and determinant of the Trustee's claims – which as a judicial admission conclusively proves the Trustee viewed his own claims as non-core state law claims – the Trustee disingenuously changes his tune, and now contends his claims are primarily bankruptcy claims. Obj. ¶ 2. The Trustee's new theory is contrary to his binding judicial admissions in the Complaint that his claims could have been brought by creditors at any time, including pre-bankruptcy. Recognizing this fatal defect to the Trustee's baseless argument for keeping this case before a jurisdictionally deficient court, Defendants raised this point squarely in their moving brief ("Br."). Yet, the Trustee ignores this dispositive argument.

Tellingly, the Trustee even refuses to take a position as to Defendants' right to a jury trial, even though trial is months away and there is no dispute the Bankruptcy Court cannot conduct a jury trial without all parties' consent. The Trustee's own words, including his admission that the Bankruptcy Court has not spent much time on this case, confirm that the *Orion* factors (*e.g.*, efficiency) strongly support granting Defendants' motion. The Trustee's attempt to lump this case

in with other proceedings is in bad faith, as no other cases seek relief against either of the Defendants, and Debtor and Yvette Wang are not parties here.

**ARGUMENT**

I.     <u>**Constitutional Law Bars the Bankruptcy Court from Entering Final Judgment**</u>

    A.     <u>**The Trustee Disregards Binding Precedent, and Relies on a Dissent**</u>

"In accordance with *Stern*, the threshold determination [in deciding a motion to withdraw the reference] is whether the bankruptcy court has the constitutional authority to issue a final judgment. To determine this, district courts *must* determine whether: '(1) the claim involves a public right; (2) the process of adjudicating the creditor's proof of claim would resolve a counterclaim; or (3) the parties' consent to final adjudication by the bankruptcy court.'" *McCord v. GEICO*, No. 22-MC-3611 (MKB), 2023 WL 4209542, at *4 (E.D.N.Y. June 27, 2023) (emphasis added). *Stern* held that the bankruptcy court unconstitutionally "exercised the 'judicial Power of the United States'" where (1) there was no "'public right' exception excus[ing] the failure to comply with Article III," (2) the claim at issue was "a state law action independent of the federal bankruptcy law and not necessarily resolvable by a ruling on the creditor's proof of claim in bankruptcy," and (3) the respondent "did not truly consent to resolution of [the claim] in the bankruptcy court proceedings." *Stern v. Marshall*, 564 U.S. 462, 487, 493 (2011).

While Defendants analyzed all three issues and demonstrated there is no constitutional basis for the Bankruptcy Court to enter a final judgment in this case (*see* Br. at 8-10), the Trustee avoids discussing any of these dispositive issues. The Trustee's failure to address these dispositive issues is an admission that Defendants' Motion must be granted on constitutional grounds.

Four years after *Stern*, the Supreme Court decided *Wellness Int'l Network, Ltd. v. Sharif*, 575 U.S. 665 (2015), which concerned litigant consent to final adjudication by a bankruptcy court.

2

Typical of the Trustee's misrepresentations of case law and facts throughout his objection, the Trustee misstates the holding of *Wellness*, which left it to the Seventh Circuit "to decide on remand whether [debtor] Sharif's actions evinced the requisite knowing and voluntary consent." *Id.* at 686. The Trustee incorrectly asserts "the Supreme Court held that, under the facts of that case, the debtor had consented to final adjudication by the bankruptcy court." Obj. ¶ 25.

The Trustee's purported recitation of facts and proceedings is rife with too many misstatements to correct in this page-limited brief. But to note just one recurring falsehood: there is no case other than this one in which the Trustee seeks "a declaration that one of Debtor's shell companies and his wife are holding valuable assets that are actually property of the estate," nor does any other case seek "nearly identical relief." Obj. ¶ 5. This case must be addressed on its own merits by a jury, despite the Trustee's jumbling of disparate, unconsolidated cases.

The Trustee devotes nearly all of his discussion of the constitutional issue that is of paramount importance in this motion to a dissent in *Wellness* by Chief Justice Roberts (the "Roberts Dissent"). The Roberts Dissent addressed issues the Trustee acknowledges were not "squarely before the [Supreme] [C]ourt" in *Wellness* (Obj. ¶ 27), and which the court "did 'not address, and express[ed] no view on" (*id.*, ¶ 25). The Trustee seems to forget the Roberts Dissent is not the majority opinion; he misleadingly cites to *Wellness* without clearly noting he is referring to a dissent. *See, e.g.,* Obj. ¶ 30 n.21 (quoting page 691 of *Wellness* without identifying it as part of the Roberts Dissent); *id.*, ¶ 34 (citing "the point that Chief Justice Roberts made in *Wellness*").

Contrary to our system of law,[1] the Trustee uses the Roberts *Dissent* to express what "the

---

[1]     *See Emerick v. Connecticut*, No. 3:18-CV-01766 (SRU), 2021 WL 965680, at *2 (D. Conn. Mar. 15, 2021) (where plaintiff requested the court "consider the merit of supporting the dissenting opinions" in a Supreme Court decision, Judge Underhill held: "It is the majority opinion, not the dissent … that is binding on me."); *U.S. v. Coppola*, 296 F.Supp. 903, 906 (D. Conn. 1969) (explaining, as to a cited Supreme Court dissent: "Whatever may be the persuasiveness of such argument, as a dissent it does not reflect law binding on this Court. The law is quite to the contrary."); *U.S. v. Brooks,* No. 06CR550(S-1) (JS), 2009 WL 3644122, at *12 (E.D.N.Y. Oct. 27, 2009) (holding

Trustee believes that the Supreme Court would hold" as to alter ego claims. *Id.*, ¶ 34 n.24. The Trustee seeks to apply a dissent as if it were binding precedent. The Trustee identifies no case law in the Second Circuit applying the Roberts Dissent, which suggests why the Trustee seeks to rely on a handful of outlier cases from outside this Circuit. Contrary to the Trustee's assertion, *Reed v. Nathan*, 558 B.R. 800 (E.D. Mich. 2016), does not "involve[] facts and claims similar to those asserted in the Complaint." Obj. ¶ 28. Here, it is undisputed Debtor has no direct or legal ownership interest in Greenwich Land. In *Reed*, there was not even a "legitimate or *bona fide* dispute[] over title" to the assets at issue, which were held by an organization the debtor had co-founded, and which assets the debtor had commingled with his own. *Reed*, 558 B.R. at 821.

In *Stern*, the Supreme Court held that "Article III prevents bankruptcy courts from entering final judgment on claims that seek only to 'augment' the bankruptcy estate and would otherwise 'exis[t] without regard to any bankruptcy proceeding.'" *Wellness*, 575 U.S. at 673 (quoting *Stern*); *Stern*, 564 U.S. at 499 ("Congress may not bypass Article III simply because a proceeding may have *some* bearing on a bankruptcy case"). The claims in the Complaint – which seek relief against third parties to the bankruptcy under Delaware state law, and could have been filed pre-bankruptcy by any creditor of Debtor (*see* Br. at 3-4) – fit the bill of what *Stern* held Article III prohibited.

In relying on his own self-serving reading of the Roberts Dissent, the Trustee ignores the "emphatic" warning in *Stern*'s majority opinion (authored by Chief Justice Roberts) against a creeping expansion of bankruptcy courts' ability to finally adjudicate matters at the expense of Article III courts: "'[I]llegitimate and unconstitutional practices get their first footing … by silent

---

that even though a litigant "would like for [a dissent by Justice Scalia] to be the law, Justice Scalia's dissent is simply not binding. This Court is bound by Second Circuit and Supreme Court precedent."); *U.S. v. Cincotta*, 146 F.Supp. 61, 62 (N.D.N.Y. 1956) (declining to discuss dissent by a Supreme Court Justice, "for this Court must take the law as it is rather than to assume that at some future time the dissenting opinion will become a binding precedent"); *OneWest Bank, N.A. v. Simon*, No. 14 CV 6622 (RJD), 2021 WL 2400993, at *2 (E.D.N.Y. June 11, 2021) ("the speculations about future law in [a] dissent are not binding on this Court").

approaches and slight deviations from legal modes of procedure.' … We cannot compromise the integrity of the system of separated powers and the role of the Judiciary in that system, even with respect to challenges that may seem innocuous at first blush." *Stern*, 564 U.S. at 502-503. The Trustee neglects the three established constitutional bases for final bankruptcy court adjudication (which are not met here), and seeks to create a new and unconstitutional loophole for his claims.

B.      <u>The Roberts Dissent Does Not Even Support the Trustee's Positions</u>

The Trustee warps the substance of the Roberts Dissent, and ignores the Roberts Dissent's emphasis on facts and assumptions that do not apply here.

First, *Wellness* concerned a claim that a trust was the alter ego of a debtor who "[did] not contest that he held *legal* title to the assets in the trust." *Wellness,* 575 U.S. at 693 (Roberts Dissent; emphasis added). Here, conversely, there is no dispute that Debtor does not hold *legal* title to the assets of Greenwich Land, which is why the Trustee seeks a ruling under Delaware state law that "the Debtor is the *equitable* owner of Greenwich Land." Complaint ¶ 64 (emphasis added).

Second, as the Roberts Dissent noted, it was unclear in *Wellness* whether any "third party asserted a substantial adverse claim to [the] assets" held in the trust. *Wellness*, 575 U.S. at 687 (Roberts Dissent). The Roberts Dissent repeatedly recognized this – starting in the second sentence of his dissent – and he qualified statements *three times* based on his "[a]ssum[ption] that no third party asserted a substantial adverse claim to those assets …" *Id.* at 693 (Roberts Dissent); *id.* at 687, 694-95. Yet, the Trustee rushes past this vital qualification language and quotes what follows it without ever mentioning the qualification. *See* Obj. ¶ 26 (last sentence omits qualification from quotation of Roberts Dissent's second sentence). The qualification instantly renders the Roberts Dissent inapplicable to the facts here, where Defendants have vigorously asserted substantial adverse claims to ownership of Greenwich Land's assets and the ownership interest in Greenwich

Land, and Defendants' legal ownership in that regard is not in dispute.[2] To date, no direct evidence of equitable ownership of Greenwich Land or its assets by Debtor has been adduced (notwithstanding the Trustee's far-reaching investigation for which he has billed Debtor's Estate more than $20 million). The Trustee does not assert otherwise.

Third, the Trustee's suggestion that his claims arise directly "from the bankruptcy itself" (Obj. ¶ 26), ignores that the Roberts Dissent distinguished that category of claims from claims that stem "from *any* independent source of law." *Wellness*, 575 U.S. at 694 (Roberts Dissent; emphasis added). The latter category aptly describes the claims here. The Trustee deliberately chose to assert claims that arose pre-bankruptcy, and which – by the Trustee's own account – could have been brought by one of Debtor's creditors at any time, including prior to commencement of the Chapter 11 Proceeding. Complaint ¶¶ 61, 65. Such claims do not derive from bankruptcy, but stem from and require determinations to be made pursuant to Delaware state law.

The Trustee chose to assert in his Complaint, as the first substantive paragraph of his first claim: "Delaware law applies to the alter ego/veil piercing claim because Greenwich Land is a Delaware entity." Complaint ¶ 58; *see also id.*, ¶ 58 n.83. The Trustee cites "Delaware's two-pronged test for piercing the corporate veil" and asserts how "a court applying Delaware's alter ego analysis to the Debtor's relationship with Greenwich Land" would go about doing so, and

---

[2] Defendants have asserted claims to the assets in dispute that are substantially adverse to those made by the Trustee. Defendants fully oppose the relief sought in the Complaint. Their Answer denies the Trustee's allegations, asserts affirmative defenses, and seeks to dismiss the Complaint "in its entirety, with prejudice." Answer, p. 11.

Greenwich Land has an undisputed *legal* basis to ownership of its assets, including the Taconic Road Property. The Trustee's Complaint even refers to the Taconic Road Property as "Greenwich Land's principal asset." Complaint ¶ 47. Ms. Guo has an undisputed *legal* basis to ownership of her membership interest in Greenwich Land. Greenwich Land's LLC agreement – attached to the Trustee's Complaint – identifies Ms. Guo as the sole member. *See* Complaint Ex. 30, § 5. An agreement is sufficient to establish a substantial adverse claim of possession. *See, e.g., In re Lake Minnewaska Mountain Houses, Inc.*, 42 B.R. 366, 372 (S.D.N.Y. 1984).

It is well established that a party asserts a substantially adverse claim where it "'discloses a contested matter of right, involving some fair doubt and reasonable room for controversy,' … in matters either of fact or law." *Harrison v. Chamberlin*, 271 U.S. 191, 195 (1926). Defendants have shown their claims are substantially adverse, not merely colorable. *See id.* (a claim is "merely colorable" where a "preliminary inquiry shows that it is so unsubstantial and obviously insufficient, either in fact or law, as to be plainly without color of merit, and a mere pretense.").

which factors "a court applying Delaware law would consider …." *Id.*, ¶ 59. The Trustee's belated attempt to change his tune, by purporting to minimize the centrality of Delaware state law in this case (Obj. ¶ 2), does not distract from or override his operative pleading. The Trustee's claims are, in *Stern* terms, "in no way derived from or dependent upon bankruptcy law," but rather are state law claims that "exist[] without regard to any bankruptcy proceeding." *Stern*, 564 U.S. at 499.

Simply put, the Roberts Dissent does not contain the broad proposition the Trustee emphatically and incorrectly claims it does when the Trustee asserts: "According to the Chief Justice, … an alter ego claim is precisely the type of claim that ***does*** stem directly 'from the bankruptcy itself' and is, therefore ***within*** the recognized exception to Article III that did not apply to the tort claim at issue in *Stern*." Obj. ¶ 26 (emphasis in original). Rather, the Roberts Dissent contains a highly qualified, factually inapposite statement about the 1898 Bankruptcy Act that the *Wellness* majority noted was repealed in 1978: "Here, [debtor] Sharif does not contest that he held legal title to the assets in the trust. Assuming that no third party asserted a substantial adverse claim to those assets—an inquiry for the Bankruptcy Court on remand—Wellness's alter ego claim fits comfortably into the category of cases that bankruptcy referees could have decided by themselves under the 1898 Act." *Wellness*, 575 U.S. at 693 (Roberts Dissent); *see id.* at 669 (Majority noting repeal). More applicable here is the Chief Justice's recognition, in *Stern*, that "'[P]roperty interests are created and defined by state law,' and '[u]nless some federal interest requires a different result, there is no reason why such interests should be analyzed differently simply because an interested party is involved in a bankruptcy proceeding.'" *Stern*, 564 U.S. at 495.[3]

---

[3]    The Trustee relies on a ruling in a separate adversary proceeding in the Chapter 11 Proceeding – involving different defendants – that is inapposite to the constitutional issues here. Obj. ¶ 29. In the "HK USA" case, the parties *consented to* the Bankruptcy Court's jurisdiction over the complaint. *In re Kwok*, No. 22-50073 (JAM), 2023 WL 2962662, at \*2 (Bankr. D. Conn. Apr. 14, 2023). The cited HK USA decision does indicate that any of the specific constitutional concerns raised here were raised there, or that any party had sought to withdraw the reference. Aside from that, the Trustee misrepresents the HK USA decision as having ruled on summary judgment, when it concerned

## II.     **The Bankruptcy Court Lacks Statutory Authority to Enter Final Judgment**

Since *Stern*, the determination of whether a claim is core or non-core has largely been supplanted by a determination of whether a bankruptcy court has constitutional authority to finally determine a proceeding. *See* Br. at 6-7 (citing cases). Nonetheless, the Trustee's continuing mischaracterization of case law – amid his failure to even attempt to identify any basis under 28 U.S.C.A. § 157(b) to deem the Adversary Proceeding a core proceeding – requires a response.

The Trustee has presented no authority that all alter ego claims are *per se* core proceedings.[4] The Trustee attempts to wring such a holding from *Cent. Vermont Pub. Serv. Corp. v. Herbert*, 341 F.3d 186, 192 (2d Cir. 2003) (*see* Obj. ¶ 31), but he ignores the Second Circuit's qualification in that pre-*Stern* case that its statement applied "[i]n the context of cases such as this [*Central Vermont*] …" *Id.* at 192. *Central Vermont* is inapposite, concerning a bankruptcy court's injunction barring claims against individual owners of a debtor company. Also, the Second Circuit recognized "[t]he distinction between core and non-core is somewhat subjective and contextual," and it did not "determine whether the injunction … was actually part of a core proceeding." *Id.* at 191.

The Trustee's citation of *In re Madison Bentley Assocs., LLC*, 474 B.R. 430, 438 (S.D.N.Y. 2012) (Obj. ¶ 31), is also misleading. The Trustee quotes its statement that the "alter ego claim at bar is also core" without noting that the sentence continues: "a point defendants do not contest." *Id.* Here, that issue is contested. *See* Br. at 6 n.3. Moreover, *Madison Bentley*'s holding supports Defendants' motion: "I conclude that the Bankruptcy Court lacks final adjudicatory authority over the alter ego claim. Because that claim was brought against a person who has not submitted a claim

---

a motion to dismiss. The Trustee's purported description of rulings in that case is also incorrect. The Trustee claims summary judgment was granted "in favor of the Trustee on his … equitable ownership claim[] in that proceeding" (Obj. ¶ 29), but the docket shows he has not even moved for summary judgment on that claim (his third counterclaim). Partial summary judgment on other claims has been appealed to Judge Dooley (docket number 3:23-cv-00458-KAD).

[4]     The Trustee's acknowledgement that "a non-core, state law, claim does not become a core claim simply by being 'cloaked' or 'labeled' as a bankruptcy claim" (Obj. ¶ 33) guts Trustee's attempt to rebrand his state law claims.

against the estate—but rather *solely to augment that estate*—this determination comports with the holding and spirit of *Stern*." *See Madison Bentley*, 474 B.R. at 439 (emphasis added).[5]

   *Reed* – cited by the Trustee (Obj. ¶ 28) – supports the proposition that that a "*legitimate* or *bona fide* dispute over title" – which we have here – "converts what would otherwise be a core turnover proceeding into a noncore one." *Reed*, 558 B.R. at 816.

## III.   The Other *Orion* Factors Support Withdrawing the Reference

   **Efficiency will be served by granting the Motion.** The Trustee's admission that "the Bankruptcy Court has not dedicated a large amount of time and resources to this specific Adversary Proceeding" (Obj. ¶ 55) is dispositive as to this *Orion* factor. As this Court and the Bankruptcy Court are both at square one, and this Court will ultimately conduct a jury trial in this action, it would be strikingly inefficient for the case to proceed to trial over the course of the next few months (in advance of the November 15, 2023 trial date) before another court. *See* Br. at 10-14.[6]

   **The Trustee does not contest Defendants' jury demand.** In declining to take a position on Defendants' right to a jury trial (Obj. ¶ 49 n.27) – even with trial three months away – the Trustee ignores this factor's importance (Br. at 14-15), and essentially concedes it for purposes of

---

[5]      In relying on *In re Prosser*, No. 06-30009, 2013 WL 996367, at *3 (D.V.I. Mar. 14, 2013) (Obj. ¶ 34), the Trustee disregards that per the Supreme Court, bankruptcy courts cannot "enter[] final judgment on claims that seek only to 'augment' the bankruptcy estate" and would exist outside a bankruptcy proceeding. *Wellness*, 575 U.S. at 673.
         The Trustee's attempts to distinguish cases cited by Defendants (in Obj. ¶¶ 33-34) fail. *In re J. Baranello & Sons, Inc.*, 149 B.R. 19, 26 (Bankr. E.D.N.Y. 1992) rejected arguments (like the Trustee's) seeking to deem an adversary proceeding involving an alter ego claim as core, holding that plaintiff's claim was "clearly founded upon state law, was created by state courts and does not 'fall within the core of federal bankruptcy power.'" *Id.* at 25-26. The Trustee misdescribes the claims in *In re Gen. Media, Inc.*, 335 B.R. 66 (Bankr. S.D.N.Y. 2005) – failing to mention that "[t]he first three causes of action" sought "turnover under 11 U.S.C. § 542(a)," the same provision under which the Trustee seeks turnover here. *Id.* at 71; Complaint ¶¶ 62, 66. *Gen. Media* held that, as here, "[t]he questionable nature of the plaintiff's title to the assets at issue forecloses the use of § 542(a)." *Gen. Media*, 335 B.R. at 76.

[6]      *Michaelesco v. Shefts,* 303 B.R. 249, 252-54 (D. Conn. 2004) (Obj. ¶¶ 39, 55) supports granting the Motion. Judge Underhill rejected the argument it was "a waste of judicial resources to take the matter away from the bankruptcy court when the bankruptcy court is familiar with the case, has ruled on some of the preliminary motions, has supervised discovery, and has scheduled the case for trial," finding it outweighed by the "right to a jury trial, the presence of a jury demand, judicial economy, delay and costs to the parties, and the uniformity of bankruptcy administration." *Id.*

this motion. Where, as here, "a case is non-core and a jury demand has been filed, a district court might find that the inability of the bankruptcy court to hold the trial constitutes cause to withdraw the reference." *In re Orion Pictures Corp.*, 4 F.3d 1095, 1101 (2d Cir. 1993); *Michaelesco*, 303 B.R. at 252, 253 n.3 (quoting same).

**Withdrawal will not impact bankruptcy administration.** That the Trustee's patently non-core Delaware state law claims do not impact bankruptcy administration (Br. at 15-16) is supported by the Trustee's citation of *Michaelesco* (Obj. ¶ 55). The Trustee's admission that the Bankruptcy Court has not spent much time on this case renders his Obj. ¶ 54 argument irrelevant.[7]

**Defendants are not forum shopping.** The Trustee correctly acknowledges "Defendants are not seeking a 'do-over'" of any Bankruptcy Court ruling. Obj. ¶ 58; *see* Br. at 17. Defendants seek only to enforce their constitutional rights to a jury trial in this Court, and a determination in accordance with *Stern*. Defendants would be prejudiced by being deprived of such rights, and by continuing to incur substantial expense to litigate before the Bankruptcy Court.[8] *Cf.,* Obj. ¶ 9. By contrast, it seems the Trustee is forum shopping by clinging to the Bankruptcy Court in the short term, while suggesting "Defendants can renew their request" later on, "after dispositive motion practice" before a court that has no authority to enter a final judgment. Obj. ¶ 61.

## CONCLUSION

The Court should promptly withdraw the reference so that the merits can be addressed constitutionally and efficiently by a court empowered to finally adjudicate them.

---

[7]    The Trustee's *in terrorem* threat that granting Defendants' motion would "likely … bring an avalanche of litigation to this Court" (Obj. ¶ 6) is unfounded. Bankruptcy counsel representing defendants in other (distinct) actions within the Chapter 11 Proceeding are already well aware of *Stern* and the availability of motions to withdraw the reference, and may or may not file them based on the facts and posture of each case. Per the Trustee, there are only 7 other adversary proceedings. *Id.*, ¶ 17. All are unrelated to this one. There is no reason for any of them to be assigned to this Court, as opposed to another court in this District. As noted above, the HK USA case is before Judge Dooley.

[8]    As "the Bankruptcy Court cannot enter the final judgment in this case, withdrawal of the reference does not promote forum shopping, as the case will eventually come before a district court." *McCord*, 2023 WL 4209542, at *7.

Dated: August 11, 2023
        Stamford, Connecticut

**MEISTER SEELIG & FEIN PLLC**

By: _/s/ Christopher J. Major_
       Christopher J. Major, Esq.
       Austin D. Kim, Esq.
       Michael B. Sloan, Esq.
125 Park Avenue, 7th Floor
New York, NY 10017
Tel: (212) 655-3500
Email: cjm@msf-law.com
       adk@msf-law.com
       msloan@msf-law.com

*Attorneys for Defendants*

### CERTIFICATE OF SERVICE

I hereby certify that on the 11th day of August, 2023, I caused the foregoing to be filed and served on all parties appearing in this District Court proceeding via the Court's Electronic Case Filing System.


By: _/s/ Christopher J. Major_
          Christopher J. Major, Esq.